**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 08-10160, 08-10161 |
| Plaintiff - Appellee, | D.C. Nos. 2:01-cr-00799-SMM |
| v. | 2:07-cr-00564-SMM |
| NELSON AYALA-DURAN, | |
| Defendant - Appellant. | MEMORANDUM [*] |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Submitted December 15, 2009[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

In these consolidated appeals, Nelson Ayala-Duran appeals from: (1) his

jury-trial conviction and 63-month sentence for illegal re-entry after deportation, in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 8 U.S.C. § 1326(a); and (2) the district court's revocation of his supervised release and imposition of a 36-month concurrent sentence. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Ayala-Duran's counsel has filed a brief stating there are no grounds for relief in either appeal, along with a motion to withdraw as counsel of record in both appeals. We have provided the appellant with the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80-81 (1988), discloses no arguable grounds for relief on direct appeal.

Accordingly, counsel's motion to withdraw is **GRANTED**. We remand in case # 2:07-cr-00564-SMM for the limited purpose of correcting the judgment so that it is consistent with the district court's oral pronouncement regarding applicability of the fine. *See, e.g., United States v. Hicks*, 997 F.2d 594, 597 (9th Cir. 1993). We also remand in case # 2:01-cr-00799-SMM for the limited purpose of correcting the judgment so that the sentence does not exceed the 24-month statutory maximum. *See* 18 U.S.C. § 3583(e)(3). The judgments are **AFFIRMED** in all other respects.